### John Andreicyk, Appellee, v. Chicago & Eastern Illinois Railroad Company, Appellant.

### Gen. No. 5342.

VERDICTS—*when set aside as against the evidence.* A verdict against the clear preponderance of the evidence will be set aside on review.

Action in case on personal injuries. Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1910. Reversed with finding of facts. Opinion filed October 18, 1910.

W. R. S. HUNTER, for appellant; HOMER T. DICK, of counsel.

E. P. HARVEY, N. L. PIOTROWSKI and COOPER & HOBBIE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case for personal injuries. There have been two trials before a jury. The first terminated in a judgment against the appellant for $10,500. This court on appeal reversed that judgment

for error in instructions, but refrained from expressing any opinion on the merits of the case, except to suggest that the preponderance of the proof seemed to favor appellant's theory of the case. Andreicyk v. C. & E. I. R. R. Co., 150 Ill. App. 539.

The second trial from which this appeal is prosecuted, resulted in a judgment for $5,000 against appellant. There is no change in the pleadings since the first appeal and the evidence of the witnesses on this appeal with the exception of two new witnesses, Bennett and Robinson, is substantially the same as on the former trial. It will serve no useful end to repeat the statement of the evidence made in our former opinion.

The contention of appellant is that the evidence does not sustain the judgment, while it is claimed by appellee that the evidence of the two additional witnesses in the record corroborates his testimony. Bennett testified that he had been a teamster for fifteen years and is now in the mail service, and that while he was in a corn field the Sunday appellee was hurt he saw two men, he thought brakemen, scuffling in a coal car and one of them fell off; that the train stopped and people ran that way but he was not interested and did not go to the place of the accident, although he crossed the railroad near there while a crowd was there. The witness Robinson testified that he was at the C. & E. I. depot a little after 12 on November 17, 1907; that he saw a freight train pass and saw two men looking out of the engine door on the west side of the engine and saw a boy in a coal car and a man walking north in the car towards him. On cross examination he admitted he had difficulty with the C. & E. I. Ry. and had a suit against the company while this suit was pending; that the attorneys for appellee were his attorneys at the time of the first trial of this case, and that he was in the court room at the time of the first trial under subpoena on behalf of appellee, but was not called to testify on that trial.

The story of appellee is that he was standing on the beam end of a coal car and that a railroad man, standing on the cross beam on the outside of the tender of the engine, on the moving train, grabbed him around the waist and threw him off the train. The story of appellee is unreasonable, because of the danger there would be to a man standing on a narrow beam in grabbing another around the waist and throwing him off a moving train. If such an act could be done it would be extremely dangerous to both men. The proof is conclusive that there were several box cars between the engine and the first coal car at the time appellee was injured. The clear preponderance of the evidence is that appellee had repeatedly been put off the train, and that he was getting on again when the train was moving, and that he ran against the pot signal by which he was injured, while trying to board the train, and was knocked under the train. The material evidence of appellee is contradicted by four witnesses who are in no way impeached, while many things in appellee's evidence are contradictory and tend to impeach him.

The judgment is reversed because it is against the clear preponderance of the evidence.

*Reversed.*

FINDING OF FACT. Appellee was injured while wrongfully attempting to board a train of appellant, and was not thrown from a train by employes of appellant.